IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CREST FOODS, INC., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-2447-D |
| | § | |
| FAT BRANDS, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiffs Crest Foods, Inc. ("Crest") and Ziad Dalal ("Dalal") assert a federal declaratory judgment claim and various Delaware state-law claims against defendant FAT Brands, Inc. ("FAT Brands"). FAT Brands moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. Plaintiffs oppose the motion. For the reasons that follow, the court grants the motion and also grants plaintiffs leave to replead.

I

The relevant background facts of this case are largely set out in a prior memorandum opinion and order and need not be repeated at length for purposes of deciding FAT Brands's motion to dismiss. *See Crest Foods, Inc. v. FAT Brands, Inc. ("Crest I")*, 2025 WL 949339, at *1-2 (N.D. Tex. Mar. 28, 2025) (Fitzwater, J.). After the court dismissed plaintiffs' first amended complaint and granted them leave to replead, *id.* at *10, plaintiffs filed a second amended complaint. Plaintiffs assert a federal-law claim for declaratory judgment and

Delaware state-law claims for contractual indemnification, equitable reformation, and unjust enrichment. FAT Brands now moves to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted. Plaintiffs oppose the motion, which the court is deciding on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of plaintiffs' [second] amended complaint by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to [] plaintiff[s].'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (internal quotation marks and alteration omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive FAT Brands's motion, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff[s] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration

omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

III

The court first considers whether Crest[1] has stated a contractual indemnification claim on which relief can be granted.

A

Under the Asset Purchase Agreement ("Agreement"),[2] FAT Brands agreed to indemnify Crest for losses that Crest incurred by reason of FAT Brands's breach of the Agreement.[3] Crest seeks indemnity for alleged losses incurred by reason of FAT Brands's

---

[1] Although plaintiffs jointly assert this claim, the indemnification provision at issue expressly applies to Crest, not Dalal.

[2] The court may consider the copy of the Agreement that was attached to the second amended complaint. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3] The Agreement's indemnification provision states:

> Indemnification by Buyer. Subject to the other terms and conditions of this Article VII, from and after the Closing, Buyer shall indemnify and defend Seller and its Affiliates (collectively, the "Seller Indemnitees") against, and shall hold each of them harmless from and against, and shall pay and reimburse each of them for, any and all Losses incurred or sustained by, or imposed upon, the Seller Indemnitees based upon, arising out of, with respect to or by reason of:
>
> (a) any inaccuracy in or breach of any of the representations or warranties of Buyer contained in Article V of this Agreement, the other Transaction Documents or in any certificate or instrument delivered by or on behalf of Buyer pursuant to this Agreement, as of the date such representation or warranty was

failure to remit the full purchase price under the Agreement. FAT Brands contends, however, that Crest's indemnification claim is time-barred under the Agreement's "survival" provision.[4]

Under the "survival" provision,[5] Crest's deadline to assert its indemnification claim

---

       made;

       (b) any breach or non-fulfillment of any covenant, agreement or obligation to be performed by Buyer pursuant to this Agreement, the other Transaction Documents or any certificate or instrument delivered by or on behalf of Buyer pursuant to this Agreement; and

       (c) any Assumed Liability.

Ps. App. (ECF No. 35-1) Ex. A at 21 (bold font and underlining omitted). The court will assume *arguendo* that the indemnification provision permits first-party claims.

[4]FAT Brands also contends that Crest's indemnification claim fails because it exceeds the scope of Crest's leave to replead, and because the indemnification provision does not permit first-party claims. The court need not reach these contentions because it concludes that Crest's indemnification claim is time-barred.

[5]The Agreement's "survival" provision states:

       Survival. Subject to the limitations and other provisions of this Agreement, the representations and warranties contained herein shall survive the Closing and shall remain in full force and effect until the date that is twelve (12) months after the Closing Date . . . . All covenants and agreements of the parties hereto contained in this Agreement shall survive the Closing for the period explicitly specified therein, or if no period is specified, then for twelve (12) months from and after the Closing. . . . . Notwithstanding the foregoing, any claims asserted in good faith with reasonable specificity (to the extent known at such time) and in writing by notice from the non-breaching party to the breaching party prior to the expiration date of the applicable survival period shall not thereafter be barred by the expiration

was twelve months after the May 24, 2022 closing, i.e., May 24, 2023. FAT Brands contends that Crest untimely raised its claim for the first time in a February 16, 2024 letter that disputed FAT Brands's calculation of the final purchase price. Crest maintains that it timely raised its claim for the first time in a September 29, 2022 email that chided FAT Brands for misinforming Crest's franchisees. Crest contends in the alternative that the "survival" provision "is not enforceable in this case because its application would effect a disproportionate forfeiture." Ps. Resp. (ECF No. 39) at 17.

B

The court turns first to whether Crest timely raised its indemnification claim before the May 24, 2023 deadline.

Under the "survival" provision,

> any claims asserted in good faith with reasonable specificity (to the extent known at such time) and in writing by notice from the non-breaching party to the breaching party prior to the expiration date of the applicable survival period shall not thereafter be barred by the expiration of the survival period of the relevant representation or warranty and such claims shall survive until finally resolved.

Ps. App. (ECF No. 35-1) Ex. A at 20. FAT Brands maintains that Crest's September 29, 2022 email failed to provide written notice of the indemnification claim that Crest now asserts. Crest contends that the email provided adequate notice of the basis for its

---

of the survival period of the relevant representation or warranty
and such claims shall survive until finally resolved.

Ps. App. (ECF No. 35-1) Ex. A at 20 (bold font omitted).

indemnification claim, namely "that FAT Brands' conduct was impacting the ultimate payout value[.]" Ps. Resp. (ECF No. 39) at 15.

The court concludes that Crest has not plausibly pleaded that its email asserted with "reasonable specificity" the indemnification claim that it now makes. Crest's email alleges that FAT Brands engaged in conduct that had the potential to delay Crest's performance, and therefore diminish the contract price.[6] But while Crest's indemnification claim alleges that FAT Brands miscalculated the final contract price, it does so without any mention of the impact, if any, of the dilatory conduct alleged in the email. Without factual allegations drawing a meaningful connection between the conduct alleged in the email and the breach giving rise to the indemnification claim, the court cannot draw the reasonable inference that the email asserted the indemnification claim with "reasonable specificity."

Accordingly, the court concludes that Crest's indemnification claim is untimely, despite the "survival" provision's written-notice carve-out.

C

The court now considers whether it should refuse to enforce the "survival" provision on the ground that its application would effect a disproportionate forfeiture.

Crest contends that, even if its indemnification claim is time-barred under the "survival" provision, the court should refuse to enforce the provision because it is an immaterial condition precedent that would trigger a disproportionate forfeiture of $1.5

---

[6]The court may consider the copy of the email that was attached to the second amended complaint. *See Collins*, 224 F.3d at 498.

million. *See Thompson St. Cap. Partners IV, L.P. v. Sonova U.S. Hearing Instruments, LLC*, 2025 WL 1213667, at *1 (Del. Apr. 28, 2025) ("Courts may excuse a condition precedent in cases where a party demonstrates that the condition precedent was not a material part of the agreement and satisfies the requirements for disproportionate forfeiture.").[7] Yet, the "survival" provision is not a "condition precedent" to FAT Brands's duty of indemnification, but a mechanism by which Crest could enlarge the duty by preserving claims that accrued, but did not ripen, within the contractual limitations period. Had Crest's claim accrued and ripened within this period, FAT Brands's duty would have arisen regardless of whether Crest provided written notice in accordance with the Agreement. *Compare id.* at *13 (concluding that agreement "unambiguously creat[ed] a condition precedent" where it stated that "[Sonova] shall have no right to recover any amounts pursuant to Section 9.2 unless the Purchaser notifies the Members' Representative in writing of such Claim pursuant to Section 9.3 on or before the Survival Date" (alteration in original)); *see also id.* at *9 ("A condition precedent is an act or event, other than a lapse of time, that must exist or occur before a duty to perform something promised arises."); Restatement (Second) of Contracts § 224 (A.L.I. 1981) ("A condition is an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due.").

---

[7]Because the issue is uncontested and nonjursidictional, the court will assume *arguendo* that Delaware law governs plaintiffs' state-law claims. *See Otto Candies, L.L.C. v. Nippon Kaiji Kyokai Corp.*, 346 F.3d 530, 534 n.1 (5th Cir. 2003) (explaining that a court need not address choice of law issues *sua sponte*, unless they bear on the court's subject matter jurisdiction).

Accordingly, the court dismisses Crest's contractual indemnification claim as time-barred under the Agreement.

IV

The court considers next whether plaintiffs have stated an equitable reformation claim on which relief can be granted.

> There are two doctrines that allow reformation. The first is the doctrine of mutual mistake. In such a case, the plaintiff must show that both parties were mistaken as to a material portion of the written agreement. The second is the doctrine of unilateral mistake. The party asserting this doctrine must show that it was mistaken and that the other party knew of the mistake but remained silent. Regardless of which doctrine is used, the plaintiff must show by clear and convincing evidence that the parties came to a specific prior understanding that differed materially from the written agreement.

*Cerberus Int'l, Ltd. v. Apollo Mgmt., L.P.*, 794 A.2d 1141, 1151-52 (Del. 2002) (footnotes omitted).

Here, plaintiffs have alleged no facts from which the court can draw the reasonable inference that they and FAT Brands came to a specific prior understanding that differed materially from the Agreement. Plaintiffs maintain that the parties were mistaken, either mutually or unilaterally, about the effect of the "savings" provision on plaintiffs' right to compensation for their performance that occurred more than 12 months after the closing date. Yet, plaintiffs do not indicate what understanding the parties did reach regarding the enforceability of their right to such compensation. To the contrary, plaintiffs allege that "the survival clause was not discussed, negotiated, or referenced concerning [plaintiffs']

-8-

performance-based obligations[.]" 2d Am. Compl. (ECF No. 35) ¶ 139. Without prior discussions regarding enforceability, it is unclear how the parties could have reached a specific prior understanding.

Plaintiffs come closest with their allegation that, "[a]t the time of drafting and executing the [Agreement], both parties shared a mutual understanding that [plaintiffs] would be compensated for all converted stores . . . , regardless of when the conversion occurred post-closing." *Id.* ¶ 135. But this lone, conclusory allegation is inadequate. And, more fundamentally, this understanding does not differ from the Agreement. The effect of the "survival" provision is not to relieve FAT Brands of its obligation to compensate plaintiffs under the Agreement, but to limit plaintiffs' remedies for breach.

Accordingly, the court dismisses plaintiffs' equitable reformation claim.

V

The court considers now whether plaintiffs have stated an unjust enrichment claim on which relief can be granted. When, as here, "a contract already governs the parties' relationship," it "provides the measure of the plaintiff's right," and recovery for unjust enrichment is precluded. *Wells Fargo Bank, N.A. v. Est. of Malkin*, 278 A.3d 53, 69 (Del. 2022). Accordingly, plaintiffs' claim for unjust enrichment is dismissed.

VI

Finally, having dismissed plaintiffs' state-law claims, the court dismisses plaintiffs' federal declaratory judgment claim, which is based on these claims. *See Val-Com Acquisitions Tr. v. CitiMortgage, Inc.*, 421 Fed. Appx. 398, 401 (5th Cir. 2011) (per curiam)

("Once the district court had dismissed the underlying . . . claims, there were no claims for which the district court could grant declaratory relief."); *Campo v. Bank of Am., N.A.*, 2016 WL 1162199, at *6 (S.D. Tex. Mar. 24, 2016) (Rosenthal, J.) (dismissing declaratory judgment claim where it depended on claims that had been dismissed), *aff'd*, 678 Fed. Appx. 227 (5th Cir. 2017).

VII

Although the court is dismissing plaintiffs' claims, it will permit them to replead, because the defects do not appear to be incurable, and plaintiffs have not indicated that they are unwilling or unable to amend. *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002))).

* * *

For the reasons explained, the court grants FAT Brands's June 4, 2025 motion to dismiss the second amended complaint, and also grants plaintiffs leave to file a third amended complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

July 25, 2025.

                                                SIDNEY A. FITZWATER
                                                SENIOR JUDGE